(65 App. Div. 366.)

### L. D. GARRETT CO. v. MORTON.

(Supreme Court, Appellate Division, First Department. November 22, 1901.)

CONTRACTS—ILLEGALITY—PLEADING—CORPORATIONS—DISSOLUTION.

In an action to rescind a contract, and to recover money paid thereon, plaintiff alleged that defendant was a shareholder in a domestic insurance company, the directors of which passed a resolution to reinsure its fire risks and to liquidate the affairs of the company, or to sell the stock

held by individual stockholders, and authorized negotiations for that purpose on behalf of the stockholders; that, pursuant thereto, application was made to plaintiff to submit a proposition for the liquidation of the company, or for the purchase of the stock, and, as an inducement, the directors prepared a statement of assets and liabilities, setting forth specific valuations; that said statement was false, and that plaintiff, in reliance thereon, submitted a proposition for the purchase of stock, provided the directors would arrange for a sale of not less than 65 per cent.; that the directors submitted this offer to defendant and other stockholders, with a statement of the resolution to reinsure all outstanding policies, and to take whatever steps were necessary for the winding up of the company; that plaintiff, in reliance on the statements of the directors, who were defendant's agents, bought stock, including defendant's. Plaintiff's offer was not set forth in full in the complaint, but, in terms, it referred only to a purchase of shares. *Held*, that the complaint did not show on its face that the contract was for the dissolution of the company, or, if for its dissolution, did not show that it was to be accomplished illegally, and a demurrer thereto on the ground that the contract was illegal should not have been sustained.

Appeal from special term, New York county.

Action by the L. D. Garrett Company against Levi P. Morton. From a judgment sustaining a demurrer to the complaint (71 N. Y. Supp. 17), plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

William Rumsey, for appellant.
Francis M. Applegate, for respondent.

PATTERSON, J.   The demurrer to the complaint in this action was sustained by the court below substantially on the ground that the transaction out of which the asserted cause of action arose was illegal, and that the plaintiff, being in pari delicto, was not entitled to relief.   The suit was brought for the rescission of a contract, and the recovery of money paid to the defendant by the plaintiff under that contract.   The right to rescind is predicated in the complaint upon certain false representations alleged to have been made by the defendant's agents, which representations were the inducing cause of the plaintiff entering into the contract.   It is not claimed in the complaint that the defendant had any personal relation to the transactions or made any representations, but the allegations of agency are sufficiently made, and the demurrer admits them.   The question now before the court relates altogether to the technical sufficiency of the complaint as setting forth a cause of action.   The contention of the respondent is that the illegality of the transaction affirmatively appears upon the face of the complaint.   Analysis of that pleading does not sustain that contention.   On the contrary, from all that appears on the face of the complaint, the transaction was a legitimate one.   It is alleged in that pleading that the defendant was a stockholder in the Traders' Fire Insurance Company of New York, which was a domestic corporation, having a board of directors consisting of a number of persons, eight of whom constituted an executive committee.   The directors of that company in April, 1900, passed a resolution "to reinsure its fire risks and to liquidate the affairs of the company, or to sell its stock held by

the individual stockholders," and the executive committee was authorized and directed to enter into negotiations for that purpose in the interest and on the behalf of the stockholders. Thereafter, and pursuant to said resolution, an application was made to the plaintiff to submit a proposition for the liquidation of the company, or for the purchase by the plaintiff of the stock thereof, and the executive committee was authorized and directed to negotiate a sale on behalf of the stockholders. The complaint, after making these allegations, proceeds to set forth that, as an inducement for the plaintiff to negotiate for the purchase of the stock of the insurance company, the directors prepared a statement of the assets and liabilities of the company, which set forth specific valuations; that, in entering upon and continuing negotiations for the purchase of the stock, the plaintiff relied upon the representations, and in May, 1900, in reliance upon such representations, the plaintiff submitted a proposition for the purchase of the stock, provided the directors would arrange a sale of not less than 65 per cent.; that the directors of the insurance company, acting on behalf of the defendant and other stockholders, having procured that proposition from the plaintiff, submitted the same to the defendant and other stockholders, and issued to them a circular or communication in which it was recited that the board of directors had unanimously resolved in April, 1900, that the executive committee should reinsure all outstanding policies, and take whatever measures were necessary for the winding up of the company; that it had secured reinsurance for all risks not previously reinsured, and, after careful consideration of the condition of the company, that committee had negotiated with the plaintiff, and had secured from it a proposition, which is set out in full in the complaint, but which proposition, in terms, refers only to a purchase of shares by the plaintiff, and the price it was willing to pay therefor, under either of two contingencies. The complaint then sets forth that, relying upon the statement and representations made to the plaintiff by the directors of the insurance company, it bought stock, including the defendant's holding, and that after the purchase was made the plaintiff discovered that the statements were false; and a detailed narration of facts relied upon to show the alleged falsity of such representations is made. The complaint further contains apt allegations to sustain an action to rescind. There is a separate cause of action set forth, claiming the right to rescind on the ground of mutual mistake of fact. The relief demanded is as before stated.

Taking the complaint as an entirety, it is susceptible of the construction that the only contract entered into by the plaintiff with the directors of the Traders' Fire Insurance Company, as the agent of stockholders, was for the purchase of 65 per cent. of the capital stock. Notwithstanding the form in which the invitation was made to the plaintiff, it does not appear that it accepted any other term of that invitation than that relating to a sale of shares; but, if it is fairly to be inferred from the purpose of the directors to liquidate the company that the plaintiff's purchase was in some way associated with an ulterior design of liquidating, it does not appear that

it was the intention to effect the liquidation or to dissolve the company in any other manner than in strict accordance with the law. It does not necessarily follow from the allegations of the complaint that the plaintiff purchased the stock for the express purpose of unlawful liquidation, and it would seem that the conclusion of the court below that such was the purpose is based only on an assumption. From all that appears, the plaintiff might have restored the company to solvency and gone on with its business, or, if dissolution proceedings were contemplated, there is nothing to show that it was not the intention to have such proceedings instituted and conducted in entire conformity with the law. The point to be observed is that illegality does not appear upon the face of the complaint, and from a simple construction of its allegations. The learned judge below refers in his opinion to the fact that the whole agreement between the plaintiff and the insurance company or its stockholders is not in terms averred, but he concludes that the entire pleading, with its permissible inferences, leaves little doubt as to its general nature. He then proceeds to remark that:

"Reduced to its lowest terms, the complaint resolves itself into a scheme to end, through the conscious instrumentality of the plaintiff, the political life of the Traders' Insurance Company at a time when it was insolvent in law, which the plaintiff knew, and insolvent in fact, which it claims it did not know, and as to which it asserts the false representations."

We do not consider that the inferences drawn by the learned court below are permissible from a survey of the entire pleading. Illegality of purpose is imputed to this plaintiff only because of a supposed or inferred intent to terminate the existence of the corporation in some unlawful way. Assuming that the corporation could only be dissolved or its existence terminated by the methods provided by statute, we find nothing in this complaint to indicate, as a necessary conclusion, that it was intended to pursue any other than the statutory method. Nor does it follow, as a necessary inference, that the directors of the Traders' Insurance Company intended to devolve upon others the duty of dissolving an insolvent corporation. The most that can be said of the nature of the transaction, as it is exhibited in the complaint, is that the directors, acting as the agents of stockholders, negotiated a sale of a majority of the shares, whereby the control of the company and its affairs was put in the hands of the plaintiff; but the allegations of the complaint fall short of showing that the inherent nature of the transaction was such that that control was to be exercised in an unlawful manner. We must judge of the nature of the transaction as it is set out in the complaint. As said before, the learned judge below states in his opinion that the whole agreement is evidently not set forth. What may appear in proof upon the trial is a matter of speculation. From the whole agreement, and from proof to be·made upon the trial, it may appear that the transaction was illegal; but we think that the learned judge below was in error in conceiving that the question of illegality was necessarily raised by the averments of this complaint.

The interlocutory judgment must therefore be reversed, and the

demurrer overruled, with costs, with leave to the defendant within 20 days to withdraw the demurrer and answer the complaint on payment of costs in this court and in the court below. All concur.