(42 Misc. Rep. 610.)

### L. D. GARRETT CO. v. CLARK.

### SAME v. APPLETON.

(Supreme Court, Special Term, New York County.   February, 1904.)

1. CORPORATIONS—SALE OF STOCK—FRAUD—RESCISSION—LIABILITY OF STOCK-HOLDER.

A purchaser of worthless stock of an insurance company, induced to purchase the same by false representations made by an executive committee of its directors as to its financial condition, which committee had been authorized to negotiate the sale of the stock of individual stockholders, may rescind on discovery of the fraud, and recover the money paid an owner of stock, who knew before he sold it that the sale had been negotiated by the committee on the part of the stockholders.

2. SAME—KNOWLEDGE OF FRAUD.

In an action to rescind a sale of stock, alleged to have been made on the false representations of an executive committee of directors as to its value, it is immaterial that a majority of the committee believed the false representations to be true, or that the stockholder whose stock was sold, and who received the proceeds of the sale, never authorized the representations to be made, and personally knew nothing of the condition of the company.

Actions by the L. D. Garrett Company against William G. Clark, and by the same plaintiff against Daniel S. Appleton, to rescind a contract whereby plaintiff purchased the stock of the defendants in

the Traders' Fire Insurance Company, induced, as alleged, by false representations. Judgment for plaintiff.

Cardozo & Nathan, for plaintiff.
Atwater &. Cruikshank, for defendant Clark.
C. E. Lydecker, for defendant Appleton.

SCOTT, J. These are two of a series of actions which have been brought against the several former stockholders of the Traders' Fire Insurance Company to rescind the contract whereby the plaintiff purchased the stock of said stockholders; the ground for rescission being that the plaintiff was induced to enter into such contracts by false representations as to the financial condition of said company made by a committee of the directors of said company, acting as agents of the defendant stockholders. The facts upon which the action rests have been repeatedly stated in judicial opinions written in other similar actions. Roblee v. Masonic Life Ass'n of Western New York, 38 Misc. Rep. 483, 77 N. Y. Supp. 1098; L. D. Garrett Co. v. Morton, 65 App. Div. 366, 73 N. Y. Supp. 40. It is unnecessary to repeat them here, except in so far as it may be necessary to show that the present case presents a different state of facts from that which was presented in the only reported case to which my attention has been called in which the plaintiff failed to prevail. L. D. Garrett Co. v. McComb, 58 App. Div. 419, 68 N. Y. Supp. 996. The objection that the plaintiff's purchase of the stock was part of an alleged scheme to wind up the Traders' Company is not sustained by the facts, and seems to have been effectually disposed of by the Appellate Division. L. D. Garrett Co. v. Morton, 65 App. Div. 366, 73 N. Y. Supp. 40. It may be that the plaintiff anticipated that the company would have to be wound up, but it is not illegal to discontinue the business of a corporation, if it be done in the manner provided by law. Indeed, it might well be that under certain circumstances it would be absolutely dishonest to continue the business. Whatever may have been the plaintiff's anticipation in the respect indicated, there is absolutely nothing to show, or even to suggest, · that any illegal discontinuance of the corporate business was ever contemplated.. The evidence leaves no room for doubt that the plaintiff was led to purchase the defendants' stock by the representations of the so-called executive committee as to the financial condition of the company, that it relied upon these representations, and that they were false. It matters not that a majority, at least, of the members of the committee who made the representations, were themselves deceived, and believed the representations which they made to be true. The potent facts are that the representations were material, were in fact false, and that plaintiff relied upon them. Talmadge v. Sanitary Security Co., 31 App. Div. 498–501, 52 N. Y. Supp. 139. The case of this plaintiff against McComb, supra, was decided against the plaintiff upon the ground that the evidence failed to show that any relation of agency existed between the defendant in that action and the executive committee who negotiated the sale

and made the representations. The court said at page 421, 58 App.
Div., page 997, 68 N. Y. Supp.:

"There was not a particle of proof to show any relation of principal and
agent between the committee who conducted the negotiations with the plain-
tiff and the defendant. So far as is disclosed by the record, the defendant
acted for himself in accepting the offer which was made by the plaintiff, and
the case is entirely barren of proof that the defendant, when he accepted such
offer, had any knowledge of any prior negotiations with the executive commit-
tee or other person inducing the plaintiff to make it."

The proof which was lacking in the McComb Case, and the ab-
sence of which appears to have been determinative of that action,
has been amply supplied in the present. It is shown that each of the
defendants was fully apprised before he sold his stock that the sale
had been negotiated by the executive committee on behalf of the
stockholders. In making the sale they ratified and adopted the
agency assumed, in their behalf, by the committee. It is doubtless
true, as claimed by the defendants, that they did not authorize the
executive committee to make false representations, did not know
what representations were made, and had no personal knowledge of
the actual condition of the company. This, however, does not jus-
tify them, in equity or good morals, in holding onto the proceeds
of a contract which was in fact induced by the fraud of their agents.
Knowing that the executive committee had assumed in their behalf
to negotiate a sale of the stock, they embraced the opportunity cre-
ated by these negotiations. They cannot accept the benefits of the
negotiations without assuming the obligations created by them. By
reason of the false representations of their agents, and solely by
reason of them, the defendants were enabled to sell, for a substan-
tial price, stock which was in realty worth less than nothing. The
plaintiff, upon discovery of the fraud, promptly repudiated the con-
tract, and sought a rescission of the contract. To this it was en-
titled. There must be judgment against each defendant, as prayed
in the complaint, with costs, and an extra allowance of 5 per cent.
in each case.

Judgment against each defendant, with costs.